ItIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| JOHNNY M. STAFFORD, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 6:09cv210 |
| | § | |
| ALVIN KHOURY, et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge (Doc. No. 34), which contains the Magistrate Judge's proposed findings of fact and recommendations for the disposition of Defendants Judge Alvin Khoury and Judge Alfonso Charles's Motion to Dismiss Pursuant to 28 U.S.C.§ 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(c) (Doc. No. 17), has been presented for consideration. Plaintiff Johnny Stafford filed objections to the Magistrate Judge's Report and Recommendation (Doc. No. 39) ("Pl. Objections").

Upon review, the Court finds that Plaintiff's objections have no merit and are therefore overruled. As the Report and Recommendation noted, the Court finds that the Defendants are immune from liability for all actions taken in their judicial capacities, and that Plaintiff has failed to state a claim upon which relief can be granted.

*1.* *Jurisdictional Objections*

In his objections to the Magistrate Judge's Report and Recommendation, Plaintiff acknowledges the Court's dismissal of claims under 42 U.S.C. § 1983 and § 1985, but continues to

improperly assert that his action should continue to proceed under 28 U.S.C. § 1331 and § 1343.[1] PL. OBJECTIONS at 3–4. The Court need not address these jurisdictional statutes because in the absence of a recognizable claim for relief, this Court's jurisdiction is not at issue.

Federal statute 42 U.S.C. § 1983 provides a private right of action in federal court to individuals who have suffered a violation of a right secured under the Constitution or federal law by a party acting "under color of" state law. 42 U.S.C. § 1983 (2006); *Monroe v. Pape*, 365 U.S. 167 (1961), *overruled on other grounds by Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658 (1978). Section 1983 confers no rights of its own but merely provides a cause of action for rights secured via the Constitution or federal law. Additionally, when making § 1983 allegations, a plaintiff must provide independent grounds for federal jurisdiction, most often under 28 U.S.C. § 1331 or 28 U.S.C. § 1343. *See Maher v. Gagne*, 448 U.S. 122, 129 n.11 (1980) ("There is not automatically federal jurisdiction under § 1343 whenever a plaintiff files a § 1983 claim; rather, the court must look to the underlying substantive right that was allegedly violated to determine whether that right was conferred by the Constitution or by a civil rights statute."). Section § 1985 claims also require independent grounds for jurisdiction.

Therefore, the Court's findings in the Report and Recommendation render Plaintiff's jurisdictional objections moot because there is no recognizable claim under which the Court can exercise federal jurisdiction. This suit cannot proceed under the statutes identified by Plaintiff, 28 U.S.C. § 1331 and § 1343, in the absence of a viable 42 U.S.C. § 1983 or § 1985 claim.

---

[1] 28 U.S.C. § 1331 confers federal jurisdiction for a "federal question," while 28 U.S.C. § 1343 confers jurisdiction for an alleged violation of civil rights and elective franchise.

## 2. Requests for Recusal

On October 14, 2009, Plaintiff filed a Motion for Recusal (Doc. No. 22), requesting that United States Magistrate Judge John D. Love recuse himself from presiding over the instant action. Plaintiff alleges in that Motion and throughout his objections to the Report and Recommendation that the Magistrate Judge has shown improper bias. *See* PL. OBJECTIONS at 1–3.

Under 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned."[2] In analyzing whether recusal is required, the court assesses "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002); *Parliament Insurance Co. v. Manson*, 676 F.2d 1069, 1075 (5th Cir. 1982); *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1111 (5th Cir.), *cert. denied*, 449 U.S. 820 (1980). Section 455(a) establishes an objective standard, and the existence of actual bias is irrelevant. *Health Services Acquisition Corp. v. Liljeberg*, 796 F.2d 796, 800 (5th Cir. 1986). A motion to recuse "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see also Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993) (internal citations omitted). Courts are to assume the impartiality of a sitting judge and the party seeking disqualification bears the substantial burden of proving otherwise. 28 U.S.C. § 455.

In this case, the allegations made throughout (1) the Motion to Recuse, (2) Plaintiff's Response to Defendants Motion to Dismiss (Doc. No. 29), and (3) Plaintiff's Objections to the

---

[2] By enacting § 455(a), Congress sought to eradicate not only actual, but also the appearance of impropriety in the federal judiciary. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988).

Report and Recommendation of the Magistrate Judge (Doc. No. 34) are, in their most favorable light, not credible and without factual support. Therefore, the Plaintiff's Motion for Recusal (Doc. No. 22) is **DENIED**.

### 3. *Consideration of this Litigant's History of Filings in this Court*

A review of Mr. Stafford's filings reveals that Plaintiff has filed six actions, *pro se*, that have been adjudicated by this Court.[3] Although naming different Defendants in each action, all Complaints seem to arise from a related series of events in connection with the Tatum family estate and the estate of Mary Jane (Tatum) Stafford and property located in Rusk and Gregg Counties, Texas. Four of these suits have already been dismissed, and the Court herein dismisses a fifth suit

---

[3] A review of Mr. Stafford's filings identifies the following cases, in chronological order:

(1) *Stafford v. Denman, et al.*, No. 6:99cv648-TJW. This case was closed on March 13, 2000 after Judge Ward adopted the Report and Recommendation of United States Magistrate Judge Judith Guthrie. Judge Guthrie recommended that the action be dismissed without prejudice for failure to prosecute the case and obey an order from the Court.

(2) *Stafford v. Stafford, et al.*, No. 6:04cv468-MHS-JKG. This case was closed on November 30, 2004 after Judge Schneider adopted the Report and Recommendation of United States Magistrate Judge Judith Guthrie. Judge Guthrie recommended that the action be dismissed without prejudice for failure to prosecute the case after Plaintiff did not correct deficiencies with his motion to proceed *in forma pauperis*.

(3) *Stafford v. Conoco, et al.*, No. 6:08cv124-MHS-JDL. This case was closed on September 26, 2009 after Judge Schneider adopted the Report and Recommendation of United States Magistrate Judge John Love. Judge Love recommended that the action be dismissed with prejudice, as to both Defendants, for lack of subject matter jurisdiction.

(4) *Stafford v. Chinn Exploration Company*, No. 6:08cv242-MHS-JKG. This case was closed on August 21, 2008 after Judge Schneider adopted the Report and Recommendation of United States Magistrate Judge Judith Guthrie. Judge Guthrie recommended that the action be dismissed without prejudice for failure to prosecute the case after Plaintiff did not amend his Complaint to set forth a basis for federal court jurisdiction.

(5) *Stafford v. Khoury, et al.*, No. 6:09cv210-LED-JDL. This case will be closed when a Final Judgment is entered contemporaneously with this Order adopting the Report and Recommendation of United States Magistrate Judge John Love. Judge Love recommended that the action be dismissed with prejudice for failure to state a claim upon which relief can be granted. Judge Love further found the allegations in Plaintiff's Complaint to be frivolous.

(6) *Stafford v. Tatum, et al.*, 6:09cv245-LED-JDL. This case is currently pending before this Court following transfer from the Northern District of Texas.

4

pursuant to Plaintiff's failure to state a claim upon which relief and can be granted.

Importantly, the Court in this case found Plaintiff's allegations to be factually frivolous, necessitating that Mr. Stafford be warned as how the Court will approach any future lawsuits that are adjudicated in this district so as to avoid an inefficient expenditure of judicial resources.[4] *See Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975) ("[t]he short of the matter is that no one, rich or poor, is entitled to abuse the judicial process."). In adopting the Magistrate Judge's Report and Recommendation that the instant Complaint makes frivolous allegations, it is **ORDERED** that Plaintiff Johnny M. Stafford is **WARNED** of the possible actions that the Court may pursue in the future. Should Plaintiff continue to file frivolous lawsuits on the same or similar facts as those asserted in the Complaint in this case— particularly claims relating to the Tatum family estate— the Court will consider the imposition of sanctions according to Rule 11 of the Federal Rules of Civil Procedure. The Court notes that such sanctions may include, but are not limited to: monetary sanctions such as the imposition of court costs, the revocation of *in forma pauperis* status, a requirement that any future filings be brought with the assistance of an attorney, or a requirement that any future filings be barred unless Plaintiff first certifies permission to file from a Judge of this Court.

## CONCLUSION

Having carefully considered the parties' arguments, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court adopts the Report and Recommendation of the United States Magistrate Judge as the findings of this Court.

---

[4] The Court's warning will be applicable to cases Mr. Stafford files in this distrct, as well as cases filed in other districts, which are then transferred to the Eastern District of Texas.

Accordingly, it is hereby **ORDERED** that Judge Khoury and Judge Charles's Motion to Dismiss (Doc. No. 17) be **GRANTED**.

**So ORDERED and SIGNED this 13th day of April, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**